## Soto *v.* The Registrar of Property.

### Appeal from a decision of the Registrar of Property of Caguas.

No. 28.—Decided October 18, 1909.

Proceedings to Establish Ownership—Written Deed Not Recordable.—The fact that a person has a written deed, though such deed is not recordable, is no obstacle to his exercising the right conferred on him by section 395 of the Mortgage Law.

Id.—Citation of Adjoining Owners.—It is not necessary to cite the owners of adjoining estates to establish the ownership of a property, under the provisions of section 395 of the Mortgage Law.

Id.—Final Judgment—Curable Defect.—Only when the time allowed by law for an appeal has expired without an appeal having been taken, or when the appeal, having been taken, the judgment establishing the ownership appealed from has been affirmed, can said judgment be recorded in the registry of property without the curable defect of the judgment not being final.

Possessory Proceedings—Its Record in the Registry.—The proceedings establishing possession of an estate become the provisional and presumptive evidence of the fact that the ownership is vested in the possessor, and upon its having been recorded in the registry, titles of ownership prior or subsequent to the record executed by a person other than he in whose favor the last record has been made cannot be recorded.

The facts are stated in the opinion.

*Mr. López Landrón* for appellant.

Mr. Justice del Toro delivered the opinion of the court.

This is an appeal from a decision of the Registrar of Property of Caguas refusing the admission to record of a certain declaration of ownership.

Manuel Soto Quiñones, the appellant, instituted proceedings in the District Court of Guayama to establish the ownership of a rural estate, and having obtained a decision in his favor, he filed a certified copy thereof in the Registry of Property of Caguas, for the purposes of record.

After examining the document, the registrar denied the record on the following grounds:

1. Because, prior thereto, there had been presented in the registry for record a public deed executed by said Manuel

Soto and Generosa Jiménez, represented by her husband, Pedro Jiménez, by which the latter sold the former the same estate to which the declaration of ownership refers, and the record requested had been denied.

2. Because the appellant, Soto Quiñones, having instituted possessory proceedings, with regard to the estate in question, and a favorable decision having been obtained, he filed such decision in the registry and the record thereof was also denied; and

3. Because the estate in question having been recorded since 1890 in favor of the estate of Manuel Jiménez Córdova and Josefa Sicardó y Osuna, such right of possession will continue in force until it is canceled, which cancellation can be ordered only by a court of competent jurisdiction in an action between parties; invoking in addition article 20 of the Mortgage Law.

The registrar further stated in his decision that the following curable defects were present:

1. That the deed did not show that the adjoining owners had been cited.

2. That the deed did not show that the judgment of the declaration of ownership was final.

We do not find that the first two grounds on which the registrar bases his refusal to make the record are well founded.

If a person has a written deed, the fact that such deed is not recordable is no obstacle to his exercising the right vested in him by article 395 of the Mortgage Law.

The third of said grounds is well taken.

The possession of a certain rural estate is recorded in the Registry of Property of Caguas in favor of the Estate of Manuel Jiménez Córdova and Josefa Sicardó y Osuna, consisting of Manuel, represented by his widow, Eladia Cruz, Gertrudis, Agustina, Pedro, Francisco, José Juan, Antonio,

and Josefa Jiménez Sicardó, and Providencia Lizardi, as the daughter of the deceased Ana Jiménez Sicardó.

Manuel Soto Quiñones established in the District Court of Guayama the ownership of part of said rural estate, alleging that he had acquired it "by purchase from Pedro Jiménez Sicardó two or three years ago, more or less, the said Jiménez Sicardó and his predecessors in interest, namely, the aforesaid Manuel Jiménez Córdova and Josefa Sicardó y Osuna, from whom the former acquired it by inheritance, having possessed it from time immemorial—that is to say, for a period of more than thirty years."

And the registrar refused the record of the deed of Soto Quiñones, under the provisions of article 20 of the Mortgage Law, the possession of the estate being recorded in the name of a person other than the vendor. "Registrars shall refuse the requested record, if said interest is recorded in favor of a person other than the one executing the transfer or encumbrance." (Paragraph four of article 20 of the Mortgage Law.) See also the decision of this court in the case of *Manuel Fernández Náter* v. *The Registrar of Property of San Juan*, decided October 13, 1909.

The Mortgage Law prescribes the means by which a person not having a written recordable title may establish his possession or ownership and record his right in the registry of property.

Following this procedure, the Estate of Manuel Jiménez Sicardó and Josefa Sicardó y Osuna established the possession of a certain rural estate and recorded its right. Such right is in force, alive and producing all its effects in the registry of property. The possession was recorded in favor of an entire estate consisting of a number of persons, and one of them alone cannot transfer the right without the consent of the others. Pedro Jiménez Sicardó may be one of the members of the estate, but he is not the estate itself. Hence the conclusion reached by the registrar of Caguas is correct, namely, that the person who transferred the right to Soto

Quiñones is a different person from the one appearing to have said right in the registry of property.

Galindo, in studying the effects of the record of possession, in Volume VI, pages 297 *et seq.*, of his "Comentarios á la Ley Hipotecaria," says:

"The possession having been recorded, titles of ownership prior or subsequent to the record cannot be recorded   *   *   *.   The proceeding establishing possession becomes the provisional and presumptive evidence of the fact that the ownership is vested in the possessor.

"Upon the possession being recorded in the registry, in addition to the right of prescription of the real property recorded beginning to run to the prejudice of a third person, the possessor acquires the right to convey the real property as to his rights of possession which can be recorded in the name of the acquirer thereof, which record the registrar would deny if the estate were conveyed by a possessor who did not have his right recorded.

"What effect does the recorded ownership produce with respect to the possession of the real property? According to the Mortgage Law, by the record of the deed, which is equivalent to the old tradition, the right of possession (*jus possidendi*) is virtually recorded, and as a consequence the law presumes the existence of the fact of possession, which is derived from such right, and gives to the possessor the right to the free disposition of the estate recorded and the exercise of all the rights inherent in ownership.

"And let it not be said that ownership and possession can coexist in different persons, the former being a right and the latter a fact, and consequently that two records can coexist; such a doctrine from a mortgage standpoint is not acceptable; possession, considered in abstract as a simple fact, is not recordable, because the registry is not a record of facts but of rights; and if it is recorded it is because, being productive of juridical effects and involving in itself the germ of real ownership, it is considered in itself a right. Therefore, there is no record of a fact and of a right, but of two rights: the right derived from the title, and the right which arises and is presumed from the possession. Wherefore, if the law presumes in the possession the *jus possidendi* and in the owner the *jus possessioni,* which is inherent therein, it is not possible to separate the fact from the right ·  *  *  *.

"Now then, if, by the act of recording the possession the possessor validates against a third person his act of possession; if, under the law, he acquires the character of a presumed owner of the thing pos-

sessed, until by the lapse of time the presumption of ownership becomes converted into real ownership; if he can dispose thereof and encumber it and act as an owner; if, at the same time, by the record of the ownership, the law also presumes that the owner enjoys the possession of the thing, and may likewise dispose of it and encumber it and act as an owner, and the possession and ownership of the same real property are recorded in favor of different persons, two things producing contradictory rights would have been recorded.

"The Mortgage Law does not permit, nor can it permit, contradictory rights to appear in force in the registry at the same time; nor two persons to appear as owners; nor two persons as possessors, and both with the right to encumber and alienate the same thing; therefore, an inevitable consequence is that the registry cannot contain two records relating to the same real property, one of ownership which presupposes possession and another of possession, which presupposes ownership ' * * *.

"We insist, therefore, on everything we said in the forth paragraph of the comments to article 17, adding that our doctrine has been repeatedly confirmed by the Royal Order of August 28, 1883, and the resolutions of September 12, 1883, April 4 and December 17, 1885, which provide that records of possession produce the effect of preventing the record of ownership in favor of a different person until it be declared that the latter has a better right than the person who has the possession recorded; that the record of possession prevents other possessory proceedings from being recorded; and that the possession having been recorded, no title of ownership prior or subsequent thereto can be recorded, unless the courts declare the better right of the person producing it."

Let us now examine the curable defects referred to by the registrar.

The first of these does not exist. This Supreme Court has heretofore decided that it is not necessary to cite the owners of the adjoining estate to establish the ownership under the provisions of article 395 of the Mortgage Law. (*Calzada* v. *Carrero,* decided June 2, 1909; *Rivera* v. *The Registrar of Property of Caguas,* decided June 14, 1909.)

The second defect does exist. The certified copy of the judgment was issued the same date the judgment was rendered. The period allowed by law for taking an appeal had

not therefore expired, and only when the judgment declaring the ownership shall have been accepted or affirmed in a proper case will it become a sufficient title for record. (Article 395, sections four and five, of the Mortgage Law.)

In accordance with this opinion the appeal should be dismissed and the decision appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Figueras, MacLeary and Wolf concurred.